UNITED STATES DISTRICT COURT
Southern District of California

FILED
FEB 26 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA

v.

Elias Godinez-Montealvo

Case No. 18mj0887

## ORDER OF DETENTION PENDING TRIAL

The court held a detention hearing in this case under 18 U.S.C. § 3142(f) to determine whether there are conditions of release that will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. This order sets forth the court's findings of fact and conclusions of law, in addition to any findings the court may have made at the hearing.

### Part I—Findings of Fact as to Presumptions under 3142(e)

☐ **A. Rebuttable Presumption Under 18 U.S.C. § 3142(e)(2):** The court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

(1) the defendant is charged in a case that involves one of the following:
   (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
   (b) an offense for which the maximum sentence is life imprisonment or death;
   (c) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46 (46 U.S.C. § 70501 *et seq.);* or
   (d) any felony if the person has been convicted of two or more offenses described in paragraphs (1)(a)-(c) above, or two or more state or local offenses that would have been offenses described in paragraphs (1)(a)-(c) if a circumstance giving rise to federal jurisdiction had existed, or a combination of them;
   (e) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in 18 U.S.C. § 921 ) or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; and

(2) the defendant has previously been convicted of a Federal offense that is described in paragraph (1) above, or of a State or local offense that would have been such an offense if a circumstances giving rise to Federal jurisdiction had existed; and

(3) the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; and

(4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Under 18 U.S.C. § 3142(e)(3)** (Narcotics, firearm, other offenses): The court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☑ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*), or chapter 705 of title 46 (46 U.S.C. § 70501 *et seq.*);

☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b);

☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5) for which a maximum term of imprisonment of 10 years or more is prescribed;

- ☐ **(4)** an offense under 18 U.S.C. Chapter 77 (18 U.S.C. § 1581 *et seq.*) for which a maximum term of imprisonment of 20 years or more is prescribed; or

- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

### C. Conclusions of Law
- ☒ Because the defendant has presented no evidence or insufficient evidence to rebut any presumption in A or B, detention is warranted by virtue of the presumption.
- ☐ Irrespective of whether the defendant has rebutted the presumption or, alternatively, if no presumption in favor of detention applies, detention is warranted for the reasons set forth below.

### Part II— Analysis under Section 3142(g) and Statement of the Reasons for Detention
After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the court concludes that the defendant must be detained pending trial because it finds:

- ☐ by clear and convincing evidence that the defendant is a danger and that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.
- ☒ by a preponderance of evidence that there is a serious risk the defendant would flee if released pending trial and that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include, ~~without limitation,~~ the following:
- ☐ Weight of evidence against the defendant is strong
- ☒ Subject to lengthy period of incarceration if convicted
- ☐ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☐ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☐ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties
- ☐ Lack of significant community or family ties in this District or the United States
- ☒ Significant family or other ties outside the United States
- ☒ Lack of legal status in the United States
- ☒ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents

OTHER REASONS OR FURTHER EXPLANATION:

### Part III – Directions Regarding Detention
The defendant is remanded to the custody of the United States Marshal or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. This Order is entered without prejudice.

DATE: 2/26/18

_____
Mitchell D. Dembin, United States Magistrate Judge